```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


MARY L. FAFARA and RICHARD      )
FAFARA, Individually and as     )
parents and natural guardians   )
of ANASTHASIA FAFARA, a minor,  )
                                )
           Plaintiffs           )
                                )
     v.                         )   Case No. 2:03 cv 514
                                )
JEANNINE McMAHON, D.O., CROWN   )
POINT OBGYN, P.C. and ST.       )
ANTHONY MEDICAL CENTER,         )
                                )
           Defendants           )
```

## OPINION AND ORDER

This matter is before the court on the Motion to Compel the Payment of Fees and Costs filed by the defendants, Jeannine McMahon, D.O., Crown Point OB/GYN, P.C., and St. Anthony Medical Center on July 8, 2005.  For the reasons set forth below, the motion is **GRANTED**.

## Background

This motion for sanctions is the second time the discovery dispute surrounding the deposition of Dr. Rahul Nath has come before the court.  Dr. Nath is one of the plaintiffs' expert witnesses and the physician who treated Anasthasia Fafara, a child whose Erb's Palsy injury precipitated the underlying lawsuit in this case.

In November 2004, Dr. Nath's failure to cooperate at his deposition came before the court in the context of two motions to exclude Dr. Nath as a witness.  Because the circumstances of Dr. Nath's behavior were set forth in detail in the January 4, 2005

Order denying the motions to exclude his testimony, the court incorporates the background of that order here.  However, several additional facts are critical to the disposition of this motion.

On July 13, 2004, the plaintiffs identified Dr. Nath as an expert pursuant to Federal Rule of Civil Procedure 26(a)(2)(B). On September 20, 2004, counsel for Jeannine McMahon & Crown Point OB/GYN asked plaintiffs' counsel if the plaintiffs would accept service of a subpoena duces tecum for Dr. Nath or if service should be made directly upon him.  On September 21, 2004, plaintiffs' counsel stated that they would accept service for Dr. Nath.  (Mot. for Sanctions, Exh. B) Thus, on September 30, 2004, the plaintiffs faxed the subpoena to Dr. Nath's office, with receipt confirmed by his office.  The subpoena, which contained a rider in which the defendants requested all of Dr. Nath's 1099 forms reflecting medical consultation or testimony he gave in connection with litigation from 1994 to present, was the subject of his refusal to testify at his deposition in Houston, Texas. At the deposition, plaintiffs' counsel assumed the blame for Dr. Nath's failure to see the rider.  (Rahul Nath Dep. p. 13)

Because this court lacked the jurisdiction under Federal Rule of Civil Procedure 37(a)(1) to compel Dr. Nath's deposition in Texas, the only sanction requested by the defendants in November 2004 was that Dr. Nath be excluded as a witness.  In response to the motion to exclude, the plaintiffs offered to "pay all of the fees and costs associated with either the failed deposition or a future deposition."  (Pl. Resp. to Mot. to

2

Strike, p. 11) However, the court deferred the imposition of other sanctions "until such time as a court with appropriate jurisdiction compels the deposition of Dr. Nath." (January 4, 2004 Order, p. 5)

On April 13, 2005, the defendants filed a motion to hold Dr. Nath in contempt of court in the Southern District of Texas. In response, Dr. Nath argued that he was not properly served with the subpoena or notice of deposition because he was not a retained expert, was not represented by the plaintiffs' counsel, and had not authorized plaintiffs' counsel to accept service on his behalf. (Mot. for Sanctions, Exh. F) Because he had not been retained by the plaintiffs, Magistrate Judge Frances H. Stacy of the Southern district of Texas held that Dr. Nath was not properly served.

The defendants now return to this court where they seek payment of the costs and fees associated with the November 2, 2004 failed deposition.

### Discussion

This dispute essentially is a question of which party more appropriately bears the burden of faulty service. Federal Rule of Civil Procedure 45 governs the issuance of subpoenas to third-parties for depositions and the production of documents. *See* ***Bueker v. Atchison, Topeka and Santa Fe Railway Company***, 175 F.R.D. 291, 292 (N.D. Ill. 1997). Rule 45(b) states that "[s]ervice of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person . . . ." The Rule

3

further contemplates that the party who issues a subpoena also bears the burden of serving it.  *See* Rule 45(c)(1).  However, when a case requires medical testimony, the party presenting that testimony bears the burden of disclosing the names of retained medical experts and treating physicians and also becomes the primary contact for those experts with respect to opposing counsel.  *See* **Musser v. Gentiva Health Services**, 356 F.3d 751, 758 (7th Cir. 2004).  *See also* **Tidemann v. Nadler Golf Car Sales, Inc.**, 224 F.3d 719, 724 (7th Cir. 2000) (noting the "usual rule prohibiting *ex parte* contacts with experts from the opposing side, but concluding that no harm occurred when the contact was to tell the expert when to appear).

The plaintiffs attempt to avoid the sanction of costs and fees associated with Dr. Nath's failed deposition by arguing that the defendants, rather than the plaintiffs, had the responsibility to determine the proper method of service.  Three facts counsel against this conclusion.  First, while the plaintiffs' statement of law is technically true, the defendants *did* attempt to determine the proper method by specifically asking the plaintiffs' counsel which method of service was correct for Dr. Nath.  Plaintiffs' counsel explicitly assumed responsibility for service.  Based on the plaintiffs' agreement to accept service, the defendants had no reason to contact Dr. Nath directly.  Second, the plaintiffs' counsel stated that the failed service was the plaintiffs' fault during the deposition.  Third, the plaintiffs offered to pay for the fees and costs associated with the failed

4

deposition in place of having Dr. Nath's testimony excluded entirely.

Although the court previously determined that striking the testimony of Dr. Nath would be too harsh a sanction under the circumstances, the plaintiffs are not entitled to avoid all liability for the heavy costs caused by their expert witness' refusal to testify.  See ***Travelers Property & Casualty Corporation v. General Electric Company***, 150 F.Supp.2d 360, 366-69 (D. Conn. 2001) (awarding sanctions under the court's inherent authority to "control the conduct and fairness of the case). Given that the plaintiffs assumed responsibility for service twice and also offered to pay for the defendants' costs and fees associated with the deposition, the court finds that such payment is just.

_____

For the foregoing reasons, the Motion to Compel the Payment of Fees and Costs filed by the defendants, Jeannine McMahon, D.O., Crown Point OB/GYN, P.C., and St. Anthony Medical Center on July 8, 2005, is **GRANTED**.  The defendants shall file an affidavit in support of their fees and costs by December 2, 2005.

ENTERED this 28th day of November, 2005

                                         s/ ANDREW P. RODOVICH
                                            United States Magistrate Judge